UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER LOPES,<br><br>                              Plaintiff,<br><br>           v.<br><br>WESTCHESTER COUNTY, *et al.*,<br><br>                              Defendants. | No. 18-CV-8205 (KMK)<br><br>ORDER |

KENNETH M. KARAS, United States District Judge:

Pro se Plaintiff Christopher Lopes ("Plaintiff"), currently incarcerated at Governeur Correctional Facility ("Governeur"), brings this Action, pursuant to 42 U.S.C. § 1983, against Aramark Correctional Services, LLC ("Aramark"), Westchester County, Joseph K. Spano ("Spano"), Warden Frances Delgrosso ("Delgrosso"), and Sergeant Martinez ("Martinez"; collectively, "County Defendants"), alleging violations of his constitutional rights under the First, Eighth, and Fourteenth Amendments. (*See* Am. Compl. (Dkt. No. 43).) Before the Court is Aramark's Motion To Dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*See* Dkt. No. 57.) Aramark Motion to Dismiss is unopposed. (*See* Dkt. No. 63.) The Amended Complaint is virtually identical to the Complaint that Plaintiff previously filed in this case. (*See* Dkt. Nos. 2, 43.)[1] On March 25, 2020, by Opinion and Order, this Court dismissed the Complaint against Aramark for failure to state a claim. (*See* Dkt. No.

---

[1] The changes in Plaintiff's Amended Complaint are not substantive, instead, Plaintiff merely uses different syntax for his claims, but otherwise the claims remain the same. For example, in Plaintiff's original Complaint, he describes "Plaintiff aders [sic] that his first meal 'breakfast' smelled horrible, and the meal tray contained several spots of black mold, and the tray was peeling plastic, that was peeling off into the food whenever, he took a scoop of his food." (Compl. at 4 (Dkt. No. 2).) Compare with his Amended Complaint in which he states "Lopes, received breakfast that 'smelled horrible.' There were several spots of black mold on the tray, and plastic peeled from the tray into Lopes food." (Am. Compl. at 1 (Dkt. No. 43).)

33.) The Court dismisses the Amended Complaint against Aramark for the same reasons set forth in its prior Opinion and Order because Plaintiff has failed to state a *Monell* claim. (*Id.*) Similarly, because Plaintiff again did not address the other pleading deficiencies articulated by Aramark – namely that his injuries are not recoverable under the under the Prison Litigation Reform Act, that he does not have a constitutional right to an internal grievance process, and that his conditions of confinement claim does not rise to the level of a constitutional violation – the Court again need not resolve these additional arguments given that Plaintiff has not alleged a cognizable *Monell* claim in his nearly the same Amended Complaint.

    For the foregoing reasons, Aramark's Motion To Dismiss is granted. Because this is the second adjudication of Plaintiff's claims, the dismissal is with prejudice.

    The Clerk of the Court is respectfully directed to terminate the pending Motion, (Dkt. No. 57), and to mail a copy of this Order to Plaintiff.

SO ORDERED.

DATED:    November 30, 2020
               White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE